RASMUSSEN, by Guardian *ad litem,* Respondent, vs. METROPOLITAN CASUALTY INSURANCE COMPANY and others, Appellants.

*June 3—July 3, 1953.*

434

For the appellants there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald Hayes, Jr.*

For the respondent there was a brief and oral argument by *Charles M. Hanratty* of Milwaukee.

MARTIN, J. Defendants do not dispute that the injuries other than the back injury were sustained in the accident and do not question the damages awarded for such injuries, but they contend that the accident was not the cause of the back condition and that the award of $7,500 was excessive.

There was a conflict in the medical evidence presented by Dr. Egloff, plaintiff's doctor, and Dr. David J. Ansfield, who examined the plaintiff on behalf of the defendant Insurance Company on March 4, 1952.

Dr. Egloff testified that on the basis of plaintiff's medical history and his examination of her, he was of the opinion that the disability in her back was caused by the accident. Defendants complain that Dr. Egloff's testimony was based purely on subjective symptoms stated to him by the plaintiff. A reading of his testimony shows, however, that when he examined her at the hospital after the accident he found discoloration of the right hip and that later examinations showed limitation of motion in the back and hips. These are objective symptoms. He testified that he had been the Rasmussen family doctor for many years and knew that plaintiff had not had a prior injury to her back; that she had never complained of trouble in her back before the accident, but that since that time she complained of frequent pain and limited motion.

He did not know how long the back condition would trouble her in the future, but it was his opinion that it would continue for some time.

Dr. Ansfield, for the defendants, testified that upon his examination of the plaintiff in March of 1952 he found she could not walk without a limp; there was some spasm of the muscles in the lower back on the right side; there was restriction of motion in bending and her spine showed some stiffness and would not bend with a smooth curve; there was evidence of some rigidity in the back. X rays taken at his request showed no evidence of injury to the bony structure or of any disease of the spine.

In relating the history taken from the plaintiff, Dr. Ansfield testified that she told him she developed the pain in her back about two and one-half weeks after the accident, and on that basis it was his opinion that the back condition was not caused by the accident. He did say, however, that if there was pain immediately after the accident or within a reasonable period of a few hours thereafter, he would be of the opinion that it was due to the accident. He said that plaintiff does have disability in her back and that it would probably continue indefinitely.

We do not consider that Dr. Egloff's opinion was speculative and based on subjective symptoms only. The jury was entitled to find, on the basis of his opinion, that there was a causal connection between the accident and plaintiff's back condition. Dr. Egloff's objective finding that the hip had been bruised in the accident certainly indicated that she had been injured in that region.

The plaintiff testified that she told Dr. Egloff about the injury to her back at the hospital right after the accident; that she did have pain in her back during the two and one-half weeks immediately following the accident; that she did not remember what she told Dr. Ansfield about that.

In our opinion, the testimony presented a question of fact for the jury and there was credible evidence to support the

finding that the back condition was caused by the accident. There was other evidence regarding plaintiff's physical activities and mental disposition before and after the accident, which it is unnecessary to detail here, from which the jury could draw inferences consistent with that view.

Defendants contend that the record is devoid of any evidence of injury or blow of sufficient force to cause the injury of which plaintiff complains. We cannot agree. The record shows that plaintiff was struck down on the concrete pavement by the car involved in this accident, and that her companion, who was also struck down, was rendered unconscious. Dr. Egloff found the girls lying on the street where they were hit. As pointed out above, the discoloration to the plaintiff's hip was evidence of a blow.

The allowance of $7,500 for the back injury is contended to be excessive. It is well established that the question of damages is within the province of the jury and its findings will not ordinarily be disturbed. In the trial court's opinion there was no evidence of bias, passion, or prejudice and we see none. There was testimony by Dr. Ansfield upon which the jury could conclude that the disability in plaintiff's back might well be permanent and on that basis, in the case of a girl still in her teens, we do not believe the award excessive.

Error is assigned to the trial court for refusing to allow defendants' counsel to determine when plaintiff retained her attorney. The argument is that Dr. Egloff's opinion was based solely on subjective symptoms of the plaintiff (which we have already considered), and that the jury was entitled to know whether such symptoms were stated to him before or after suit was brought or threatened. The record is clear that Dr. Egloff treated plaintiff immediately after the accident and at frequent intervals thereafter. Suit was not brought until April of 1952. The trial court properly held that the information sought by the defendants was immaterial.

*By the Court.*—Judgment affirmed.