WEGERER, by Guardian *ad litem,* and others, Respondents, v. KOEHLER and another, Appellants.

*September 7—October 5, 1965.*

For the appellants there was a brief and oral argument by *D. J. Regan* of Milwaukee.

For the respondents there was a brief by *Eisenberg & Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of Milwaukee, and oral argument by *Sydney M. Eisenberg.*

GORDON, J.   The sole issue on this appeal is the claim of excessive damages.  We will examine separately the injuries of each of the four plaintiffs.

*The Injuries of Wesley Conklin.*

The jury awarded damages for pain, suffering, and disability to Wesley Conklin in the amount of $6,500. Mr. Conklin was born on June 24, 1942. He was in the back seat of the car, leaning forward, when the collision occurred. He testified that the car slid forward about two feet after the impact; he flew backward, hit the side of the doorjamb and back seat, and then bounced forward, hitting the front seat with his neck and shoulder.

He visited Dr. Tax the next morning, complaining that he could hardly move his right arm, that his back was stiff, and that he was experiencing headaches. He stated that he had to leave his job since he could not do the necessary lifting because of his back and arm pain. At the time of the trial he was employed as a billing clerk.

At the trial, Mr. Conklin said that he still had pain in his back and shoulder. He testified that he could not lift over 10 pounds without getting backaches and had difficulty bending over and picking up.

Dr. Tax treated Wesley Conklin on seven occasions after the accident. His diagnosis was a musculo-ligamentous strain of the lower back and lumbar spine and a traumatic myositis of the muscles of the right shoulder girdle. He testified that he believes the condition is probably permanent.

Dr. Salinsky examined Mr. Conklin on only one occasion and testified that he had sustained a traumatic cervical syndrome, in addition to the musculo-ligamentous strain of the lower back. He testified that Wesley Conklin had suffered a musculo-rotator cuff injury to the right shoulder and that he will experience some pain and stiffness involving the right shoulder, especially upon heavy lifting or forceful pushing with the right upper extremity. He testified that in his opinion the residuals which he delineated are permanent.

Dr. Coles examined Mr. Conklin for the defendants on one occasion and testified that it seemed probable that he sustained a lumbo-sacral sprain in the accident. He also testified that at the time of his examination he was unable to find any evidence of permanent residuals flowing from the accident.

### The Injuries of Adrian Conklin Kowalczewski.

The jury awarded damages to Adrian Conklin Kowalczewski in the sum of $7,500 for pain, suffering, and disability. Mrs. Kowalczewski was born on October 23, 1944. She was in the front seat of the car when the collision occurred and testified that the impact threw her around, causing her to strike her head on the rearview mirror.

She visited Dr. Tax the next morning, complaining of nausea, headaches, and pain in her back, shoulder, and neck. Treatment continued for four and one-half months. She was employed at the time of the accident, doing domestic work for $20 per week plus meals, but she claimed that she had to discontinue this job for approximately six months. She was involved in a second accident in 1963.

At the time of the trial, Mrs. Kowalczewski stated that she still gets headaches which last from the morning until midafternoon and that her neck bothers her when she touches her head. She also testified that when she turns her head a very sharp pain is elicited along the right side of the neck into the shoulder.

Dr. Tax examined Mrs. Kowalczewski on 23 occasions and diagnosed her injuries as a musculo-ligamentous strain of the cervical spine, a contusion to the forehead, and acute traumatic myositis of the right trapezius muscle. He testified that the pain experienced upon extreme flexion of her head would be permanent but that the headaches may improve.

Dr. Salinsky examined her on just one occasion and testified that she had sustained an acute traumatic cervical syndrome and injury to the supporting ligaments of the cervical spine. He stated that Mrs. Kowalczewski would continue to experience pain and stiffness in the base of the neck upon extreme flexion of the head and neck. He expressed the opinion that this condition is probably permanent.

At the instance of the defendants, Mrs. Kowalczewski had an examination by Dr. Coles, and he testified that she had probably sustained a contusion to the forehead and a cervical sprain, but he could find no evidence of permanent residuals flowing from the accident.

### The Injuries of Susan St. Piere Conklin.

The jury awarded damages to Susan St. Piere Conklin in the amount of $3,500 for pain, suffering, and disability. Mrs. Conklin was born on February 25, 1945. She was in the back seat of the car when the collision occurred and stated that upon impact she was pushed forward, causing her to hit her head on the front seat. She visited Dr. Tax, complaining of headaches and backaches.

At the time of the trial she was still experiencing headaches, backaches, and pains in her shoulder. She also testified that her injuries interfered with her housework.

Before the accident she had earned $5 to $10 per week employed as a baby-sitter. She had to discontinue this type of employment after the accident. She stated that she gets backaches when she sits down and that this fact impedes her present employment on an assembly line.

Dr. Tax examined Mrs. Conklin on 15 occasions and testified that her injuries consisted of a musculo-ligamentous strain of the cervical spine, myositis of both trapezius muscles and a contusion of her gum. Dr. Tax also examined Mrs. Conklin the night before the trial and found that there

was tenderness medial to the right shoulder joint and a weakness in the grip of her right hand. He expressed the opinion that since this weakness and tenderness had persisted for three years, it constituted a permanent disability.

Mrs. Conklin was examined on one occasion by Dr. Salinsky, and he testified that she had sustained a cervical-dorsal strain following the whiplash effect to her head and neck. He also indicated that the patient could anticipate future pain and stiffness to the base of her cervical spine. He further testified that Mrs. Conklin had sustained an injury to the musculo-rotator cuff and that the residual complaint of pain involving the right shoulder was consistent with the healed injury involving the cuff.

When Dr. Coles, the defendants' examining physician, examined Mrs. Conklin, he found that she had probably sustained a contusion to the forehead, a cervical strain, a contusion of the right shoulder and a lumbo-sacral sprain as a result of the accident. He was not able to find any evidence of permanent residuals resulting from the accident.

### The Injuries of Terry Wegerer.

The jury awarded Terry Wegerer damages in the amount of $5,000 for pain, suffering, and disability. Terry Wegerer was born on May 17, 1943. He was the driver of the car when the collision occurred and testified that the impact tore his grasp from the wheel and threw him back against the seat.

He was on leave from the navy at the time of the accident. Upon return to his base, he claimed that he experienced backaches and that bending became difficult. He received treatment from navy doctors and was given lighter duties. He was separated from the service on March 28, 1964.

At the time of the trial, he stated that he was still experiencing backaches and could not do the work he was

formerly able to do. He testified that he had had no trouble with his back before the accident, but that he now gets backaches when he walks "five or six blocks" or after "driving an hour."

Dr. Salinsky examined Terry Wegerer on April 13, 1964, and testified that he had sustained a musculo-ligamentous tear involving the lumbo-sacral joint. He further stated that his injured structure tissue had become filled with scar tissue which reduces the elasticity of the ligament; when pressure is applied to the area, he stated that Mr. Wegerer will have pain. Dr. Salinsky further stated that if Mr. Wegerer is required to push any force, it will produce pain and stiffness. Dr. Salinsky opined that the presence of such scar tissue is a permanent condition.

Dr. Coles examined Terry Wegerer on one occasion and testified that it seemed probable that the patient had sustained a lumbo-sacral sprain in the automobile accident, but he was unable to find any evidence of permanent residuals. He further stated that the patient's subjective complaints did not constitute a basis for any permanent disability.

### Testimony as to Subjective Symptoms.

The trial court concluded that Dr. Salinsky's services were procured exclusively for the purpose of his giving testimony. Since Dr. Salinsky did not purport to treat any of the plaintiffs, he was not entitled to testify as to subjective symptoms, pursuant to *Ritter v. Coca-Cola Co.* (1964), 24 Wis. (2d) 157, 128 N. W. (2d) 439. We note that the record does not disclose that any specific motion for a new trial was presented to the lower court regarding this alleged error. *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 518, 80 N. W. (2d) 380; *Withers v. Tucker,* ante, p. 82 at page 87, 135 N. W. (2d) 776; *Dombeck v. Chicago, M., St. P. & P. R. Co.* (1964), 24 Wis. (2d) 420, 430,

129 N. W. (2d) 185; *Chapnitsky v. McClone* (1963), 20 Wis. (2d) 453, 465, 122 N. W. (2d) 400. Also, there has been no request to this court for a new trial based on this alleged error. The appellants have asked that we apply the *Powers* rule as to the damages.

Even if the claimed improper receipt of testimony as to subjective symptoms might have supported a motion to the trial court for a new trial, it would not, in our opinion, be sufficient to activate this court to apply the *Powers* rule as to the quantum of damages. Cf. *Spleas v. Milwaukee & Suburban Transport Corp.* (1963), 21 Wis. (2d) 635, 646, 124 N. W. (2d) 593.

### Conclusion.

Upon careful review of the conflicting medical evidence relating to each of the four plaintiffs, we share the trial court's conclusion when it said:

"This court feels that the individual amounts in the verdict are high, but not excessive. . . . There is substantial evidence that was adduced during the course of the trial that would substantiate the answers which have been incorporated in the special verdict by the jury. . . ."

There is nothing inherently excessive in these awards for the whiplash injuries sustained by these plaintiffs. See *Erdmann v. Milwaukee Automobile Mut. Ins. Co.* (1963), 20 Wis. (2d) 439, 122 N. W. (2d) 430; *O'Brien v. State Farm Mut. Automobile Ins. Co.* (1962), 17 Wis. (2d) 551, 117 N. W. (2d) 654.

*By the Court.*—Judgment affirmed.