ROWDEN, Appellant, v. AMERICAN FAMILY INSURANCE COMPANY and another, Respondents.

*No. 195. Argued September 8, 1970.—Decided October 6, 1970.* (Also reported in 179 N. W. 2d 900.)

For the appellant there were briefs and oral argument by *S. A. Schapiro* of Milwaukee.

For the respondents there was a brief by *deVries, Vlasak & Schallert* and oral argument by *Robert W. Swain, Jr.*, all of Milwaukee.

WILKIE, J. The first issue raised on this appeal is whether it was error for the trial court to instruct as to the emergency doctrine. This alleged error was not raised by plaintiff in her motion for a new trial and for that reason that alleged error is not reviewable as a matter of right on this appeal.[1]

---

[1] *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 518, 80 N. W. 2d 380; *Skybrock v. Concrete Construction Co.* (1969), 42 Wis. 2d 480, 491, 167 N. W. 2d 209.

While this court might, in its discretion, consider the issue,[2] we find no reason here for so doing. There is no dispute that the cab suddenly changed lanes without signaling and stopped while it was no more than a car length ahead of the defendant. The defendant testified that it took her five seconds, at the most, to apply her brakes. We have held that such an interval presents a jury question.[3] Hence there was no error in instructing the jury as to the emergency doctrine.

Plaintiff-appellant's second issue is whether the trial court erred in refusing to instruct the jury, as requested, as to defendant-respondent's speed.

The testimony of defendant was unrefuted that as she approached the intersection she was traveling at a speed of 10 to 20 miles per hour. There was also testimony that the cab was traveling at a speed of 10 miles per hour as it approached that intersection. Although the speed maintained is not necessarily lawful merely because it is less than the statutory or ordinance limit,[4] there is little, if any, evidence here to justify an instruction on speed.

In any event, this court has said:

". . . Instructions must be judged as a whole and in connection with the questions in the verdict and unless it can be reasonably said that instructions would probably, not possibly, mislead the jury, prejudicial error should not be found." [5]

In this case the court gave, among others, the following instructions as requested by plaintiff: Instruction No. 1105, Management and Control, and Instruction No.

[2] *Wells v. Dairyland Mut. Ins. Co.*, *supra*, footnote 1, at page 518.

[3] *Wanserski v. State Farm Mut. Automobile Ins. Co.* (1964), 23 Wis. 2d 368, 127 N. W. 2d 264.

[4] *Gustin v. Johannes* (1967), 36 Wis. 2d 195, 153 N. W. 2d 70.

[5] *Savina v. Wisconsin Gas Co.* (1967), 36 Wis. 2d 694, 703, 154 N. W. 2d 237.

1112, Operation of Car Following Another. Both of these instructions concern speed as it relates to the particular situation, and in combination cover all of the pertinent conditions raised in testimony: speed, weather conditions and traffic conditions, and in light of the particular facts of this case appear to adequately instruct the jury as to defendant's duty under the circumstances presented. Therefore, the trial court's refusal to give Instruction No. 1285, Speed: Reasonable and Prudent: Reduced Speed,[6] was not error.

The final issue raised by appellant gives us some concern. It is whether there was error in the trial court's communication with the jury in the absence of counsel.

After the jury had deliberated for a time, word was received that the jury had some questions. Plaintiff's counsel was present; defendant's counsel was not.

The judge, court reporter, and the bailiff went to the jury room where the following colloquy took place:

*"Miss Olsen:* (Juror) If we answer question number one that she was not negligent, question number three that the cab driver was negligent, then what good is answering question number five? [On damages.]
*"The Court:* You have to answer it anyway.
*"Juror:* We do it anyway?
*"The Court:* You must answer the question regardless of how you answer the other one.
*"Juror:* May I ask another question? Is it permissible to state that they both were negligent?
*"The Court:* I'd have to reread the instruction to you, I can't say. You must do that from the evidence and from my instructions.
*"Juror:* Supposing we determined they both were partially negligent?
*"The Court:* If you can make that determination, that's up to the jury.
*"Miss Olsen:* Yes we can.
*"* (Which were all the proceedings had in the jury room with the judge and reporter present.)*"*

---

[6] Wis J I—Civil, Part I, 1285.

Shortly before the jury returned its verdict exonerating the defendant of any negligence, the court had the record of this exchange read in open court with both counsel present and, although plaintiff's counsel objected to the court's communication with the jury in his absence, he did not make a motion for mistrial.

After the verdict was returned and in her motion for a new trial, plaintiff contended that this communication was grounds therefor. In its decision denying this motion, the trial court concluded that plaintiff had waived any objection to this communication, noting that immediately after its initial instructions to the jury, the lawyers were told by the court, on the record:

". . . If the jury asks for supplementary instructions I do not require that the lawyers return. What I do is reread the instructions, if there is any special instructions requested, then I wait until the lawyers get back."

In its decision denying the plaintiff's motion for a new trial, the trial court stated:

". . . The instructions given by the court were an exact repetition of the instruction given to the jury in the presence of the lawyers. Counsel for the plaintiff should have objected to the procedure outlined by the court and made a part of the record. In the absence of an objection he waived any right to object to the court's communication to the jury as long as the communication is within the context of the announced policy of the court. The court did not depart from that policy and, therefore, a waiver on the part of Mr. Schapiro is in the record. The waiver implied that both counsel be present at communication or neither, as long as the communication was within the context of the previous instructions."

The court then went on to hold that beyond the waiver, there was no showing of prejudice to plaintiff; therefore, there was no basis for a new trial, relying on *Seitz v. Seitz* [7] as authority.

---

[7] (1967), 35 Wis. 2d 282, 306, 151 N. W. 2d 86.

This in-person communication by the trial court in the jury room was error. Unless there is a waiver, the trial court should not communicate in person with the jury in court or in the jury room in the absence of either counsel.

In this case we think this error was waived by the plaintiff. Beyond that, it was not prejudicial.

The trial court announced in advance its contemplated procedure for reinstructing the jury on the request of the jurors. That procedure did not cover a situation as here where, although plaintiff's attorney had been excused from being present, he was actually there but barred from being present when the court actually communicated in person with the jury. For that reason there was no waiver at this point. However, we think there was a waiver later on during the court proceedings immediately before the return of the jury. Although at that time counsel objected that he should have had a chance to be present when the court communicated with the jury, he did not persist with a motion for a mistrial.[8] By not making such a motion counsel could have been trying to play it both ways, voicing his objection but yet awaiting the jury verdict before asking for a different trial.

In any event, there must be a showing of prejudice which the communication worked on the plaintiff.[9] Here, it is reasonable to infer from the record that the jury had already decided the question of negligence in the defendant's favor:

"*Miss Olsen:* (Juror) If we answer question number one that she was not negligent, question number three that the cab driver was negligent, then what good is answering question number five? [On damages.]

"*The Court:* You have to answer it anyway."

---

[8] *Zweifel v. Milwaukee Automobile Mut. Ins. Co.* (1965), 28 Wis. 2d 249, 256, 137 N. W. 2d 6.

[9] *Seitz v. Seitz, supra,* footnote 7.

The juror then asked whether it was permissible for the jury to find both defendant and the cab driver partially negligent and the court replied it was.

If anything, the court's replies here were favorable to the plaintiff. We are satisfied that plaintiff has shown no prejudice to her cause and therefore is not entitled to a new trial by reason of this communication.

Appellant argues that *Seitz* involved an innocuous out-of-court communication by a bailiff with a juror and that a showing of prejudice was required there whereas none is required where the trial court itself makes the communication. We disagree. The record here clearly shows no prejudice to this plaintiff and we think it would work a substantial injustice to the defendant to order a new trial where such a communication is made and where the plaintiff has not been able first to show prejudice.

*By the Court.*—Judgment and order affirmed.