GUSTAVSON, Appellant, v. MILWAUKEE & SUBURBAN TRANSPORT CORPORATION and another, Respondents.

*No. 136.    Argued October 4, 1971.—Decided November 2, 1971.* (Also reported in 191 N. W. 2d 39.)

For the appellant there was a brief by *Hersh, Stepke, Gollin & Schulz* and *Thomas A. Schulz,* all of Milwaukee, and oral argument by *Thomas A. Schulz.*

For the respondents there was a brief by *Kivett & Kasdorf,* attorneys, and *Conrad G. Goodkind* of counsel, and oral argument by *James P. Reardon,* all of Milwaukee.

HALLOWS, C. J.    Gustavson raises two questions: (1) Is the evidence sufficient to sustain the verdict that he was negligent for his own safety; and (2) did the court abuse its discretion in not granting a new trial for errors in the form of the verdict and in the instructions and in the interest of justice?

Taking these assignments of error in their reverse order, we hold Gustavson waived his right to complain concerning the form of verdict and the inadequacy of the instructions because he did not object prior to the jury's return of its verdict. For form of verdict, *see: Fondow v. Milwaukee Electric Railway & Transport Co.* (1953), 263 Wis. 180, 56 N. W. 2d 841; *Baierl v. Hinshaw* (1966), 32 Wis. 2d 593, 146 N. W. 2d 433; *Savina v. Wisconsin Gas Co.* (1967), 36 Wis. 2d 694, 154 N. W. 2d 237. In respect to the adequacy or sufficiency of instructions, *see: Menge v. State Farm Mut. Automobile Ins. Co.* (1969), 41 Wis. 2d 578, 164 N. W. 2d 495; *Rowden v. American Family Ins. Co.* (1970), 48 Wis. 2d 25, 179 N. W. 2d 900. Since the merits of this argument are not

properly before us, they will not be considered. In respect to the argument a new trial should be granted in the interest of justice, we do not consider this a proper case for reversal on that ground. While the jury's award for damages is low, it is not unreasonable or inadequate and is of no significance. *See Mainz v. Lund* (1963), 18 Wis. 2d 633, 119 N. W. 2d 334.

We consider the evidence sufficient to sustain the verdict and the finding is not against the great weight of the evidence. Many of the facts are not in dispute. The bus came to a stop at the intersection at an angle of 30 to 35 degrees with the front door lined up with the crosswalk and about six inches from the curb. Along the curb and sidewalk was a two-foot-high snowbank. The distance between the side of the bus and the snowbank at the location of the rear door, which was really a side door near the middle of the bus, was one and one half to two feet or a little more. The distance from the middle of the rear door to the end of the bus was 18 feet 11 inches and the distance from the middle of the door back to the rear wheel was eight feet seven inches.

The jury found the bus driver was not negligent with respect to stopping the bus in a place of safety, but was negligent in not giving the passenger a reasonable opportunity to move to a place of safety and to get away from any dangerous area which might arise by reason of the starting movements of the bus. Gustavson was found negligent in respect to the manner and method in which he proceeded to depart from the bus. This can only be interpreted to mean that Gustavson was negligent, not in using the rear door to get off the bus, but in the manner in which he alighted from the bus.

The evidence in respect to plaintiff's conduct is in conflict. At the trial Gustavson testified that in leaving the bus he placed both feet on the roadway and then put one foot into the snowbank and bent over to get his other foot up. As he did so the bus moved ahead, bumped

him so that he lost his balance and slipped. As a result, his right leg went under the moving bus in front of the rear wheel. The only eyewitness testified Gustavson stepped from the bus into the snowbank and then put his other foot on the road when the bus brushed him. Both of these stories were somewhat different prior to trial. At an adverse examination, Gustavson seemed to indicate he slipped on a path cut through the snowbank which was some two or three feet to the rear of the rear door of the bus. This indication is somewhat confusing because of the leading questions asked Gustavson. At the trial, Gustavson said he did not see this pathway cut through the snowbank to his right when he stepped off the bus. The eyewitness, prior to trial, stated Gustavson put both feet on the road before trying to walk on the snow and stated it was impossible to step directly from the bus to the snowbank.

There is no question that either the bus hit or brushed Gustavson or Gustavson fell against the bus while it was moving. There is undisputed evidence the bus parked at that angle could not move closer to the curb at the location of its rear door or rear wheels, but the rear end of the bus could swing toward the curb up to six inches. The contact between Gustavson and the bus occurred just after the door passed Gustavson and there was testimony the bus did not skid or slip in starting up. Accepting this testimony, the jury would have to reason Gustavson's activity caused him to fall or slip.

Gustavson argues the only credible version of the evidence the jury could consider was that because he was aware the bus would move and in order to extricate himself from a dangerous situation of being in a two-foot space between a snowbank and the moving bus, he stepped into a snowbank; that this action was normal, prudent and reasonable conduct and he was not negligent because he slipped while attempting to get out of the dangerous situation. The bus company argues three

courses of action were open to Gustavson after he alighted from the bus. He could have walked to the pathway cut into the snow which was only a few steps toward the rear of the bus; he could have stood still until the bus passed him; or he could have done what he did, attempt to climb the snowbank.

It is argued Gustavson was not forced to climb the snowbank because of the movement of the bus and in doing so he was negligent. These facts are not controlled by *Spleas v. Milwaukee & Suburban Transport Corp.* (1963), 21 Wis. 2d 635, 124 N. W. 2d 593, cited by Gustavson. In *Spleas* the plaintiff's foot became caught in the front door of a bus as he attempted to board it. When the bus began to move he attempted to force his way through the door while hopping along the side of the bus. When that failed, he attempted to pull his foot out. He was held to have acted reasonably under the circumstances. Gustavson was not in such a predicament he had to act to keep the bus from injuring him.

We think there is sufficient credible evidence upon which the jury could find Gustavson was negligent in attempting to climb the snowbank and therefore the verdict must be sustained even though under the version of the facts as argued by Gustavson, he might not have been considered negligent. *Schroeder v. Northern States Power Co.* (1970), 46 Wis. 2d 637, 176 N. W. 2d 336; *Western Casualty & Surety Co. v. De Smidt* (1971), 50 Wis. 2d 672, 184 N. W. 2d 848; *Erdmann v. Frazin* (1968), 39 Wis. 2d 1, 158 N. W. 2d 281. Credibility in the first instance is for the jury to determine.

*By the Court.*—Judgment affirmed.