NOLAND, Respondent, v. MUTUAL OF OMAHA INSURANCE COMPANY, Appellants.*

*No. 94. Argued February 27, 1973.—Decided March 27, 1973.*
(Also reported in 205 N. W. 2d 388.)

* Motion for rehearing denied, with costs, on June 5, 1973.

634

For the appellant there was a brief by *Schlotthauer, Johnson & Mohs* of Madison, and oral argument by *Conrad H. Johnson.*

For the respondent there was a brief and oral argument by *Jack Aulik* of Sun Prairie.

HEFFERNAN, J. But one question is raised on this appeal: Whether the trial judge committed prejudicial error when he refused to admit into evidence the exhibit containing Dr. Siverhus' report concerning Rosemarie Noland.

On this appeal, plaintiff, in supporting the trial judge's exclusion of the evidence, relies upon a single proposition that, whether or not an out-of-court hospital record prepared by a physician would be otherwise admissible, it is, under the rules of this court, to be excluded when assertions therein constitute a diagnosis or medical opinion.

On the appeal, the plaintiff apparently has abandoned some of the objections that were posed in the trial court. He continues to assert, however, that an inadequate foundation was laid for its admission.

The evidence offered is indubitably hearsay, in fact "double" hearsay, in that it purports to be not only an out-of-court declaration made by Dr. Siverhus, but is, in addition, his recitation of statements that Rosemarie Noland made to him.

The general rationale in respect to the purposes for which hearsay hospital records may be received is stated in McCormick, *Evidence* (hornbook series, 2d ed.), p. 731, sec. 313:

"Assuming that the hospital record is admissible to prove that the statement contained in the history was made, is this statement admissible to prove the truth of assertions made in it? In accordance with the general rule, it seems clear that the business record exception cannot support use of the history because the declarant's [patient's] action in relating the history was not part of a business routine of which he was a regular participant. Here as elsewhere, however, if the history comes within one of the other exceptions to the hearsay rule it is admissible."

Thus, it appears that the memorandum of the physician is admissible as the result of the business records exception contained in sec. 889.25, Stats., to the extent of showing that he made the entry, but the assertions made by the patient and recorded therein are not admissible for the purpose intended in this action unless they are

made so by additional exceptions to the hearsay rule. Such an exception has long been recognized by the rules of evidence followed by this court. In this state, a physician who has been consulted for treatment may testify in regard to the patient's description of his present symptoms and his past medical history. The physician's testimony is admitted as evidence of the facts asserted by the patient. *Erdmann v. Frazin* (1968), 39 Wis. 2d 1, 7, 8, 158 N. W. 2d 281; *Felkl v. Classified Risk Ins. Corp.* (1964), 24 Wis. 2d 595, 129 N. W. 2d 222; *Ritter v. Coca-Cola Co.* (1964), 24 Wis. 2d 157, 165, 128 N. W. 2d 439. We have held that a doctor may testify to such statements even though it is apparent that they were based not on the patient's personal knowledge but on medical information the patient had received from other physicians. *Huss v. Vande Hey* (1965), 29 Wis. 2d 34, 138 N. W. 2d 192.

This exception to the hearsay rule is based upon the assumption that a statement by a patient who gives a description of his past and present symptoms for the purpose of treatment will be especially trustworthy, since the patient knows that the effectiveness of the treatment received will depend on his accuracy in relating his medical history and symptoms.

The business records exception, combined with the additional exception to the hearsay rule occasioned by the special trustworthiness to be afforded to statements made by a patient while seeking treatment, permits a medical history secured from hospital records to be admitted into evidence.

This court, however, has held in abeyance the decision of whether a medical history, admissible for the purpose of proving the truth of symptoms asserted by a patient, will be admissible if that same document contains a medical opinion or the diagnosis of the physician. *Gibson v. State* (1972), 55 Wis. 2d 110, 117, 197 N. W. 2d 813.

We are satisfied that the rules of evidence should permit the admission of such a statement even though it contains a medical opinion or a physician's diagnosis. McCormick, *Evidence, supra,* page 732, points out:

> "*Diagnostic statements.* Professional standards for hospital records contemplate that entries will be made of diagnostic findings at various stages. These entries are clearly in the regular course of the operations of the hospital. The problem which they pose is one of the admissibility of 'opinions.' In the hospital records area, the opinion is usually one of an expert who would unquestionably be permitted to give it if personally testifying. While the requirement of qualification does not disappear, if it is shown that the record is from a reputable institution, in the absence of any indication to the contrary it may be inferred that regular entries were made by qualified personnel."

Such approach, which permits the admissibility of ordinary diagnostic findings, is in accordance with the trends of the modern law of evidence. States having statutes similar to Wisconsin have accepted medical records which contain diagnoses and medical opinions. *People v. Terrell* (1955), 138 Cal. App. 2d 35, 291 Pac. 2d 155; *Allen v. St. Louis Public Service Co.* (1956), 365 Mo. 677, 285 S. W. 2d 663; *Loper v. Andrews* (Tex. 1966), 404 S. W. 2d 300.

The *Proposed Wisconsin Rules of Evidence* prepared by the Wisconsin Judicial Council and presently being considered by this court provides for the admission of records containing diagnosis and opinion without a showing that the declarant is unavailable as a witness. Sec. 908.03 (6) excepts from the hearsay rule:

> "A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, all in the course of a regularly conducted activity, as shown by the testimony of the custodian or other qualified witness,

unless the sources of information or other circumstances indicate lack of trustworthiness."

The comments of the Judicial Council indicate that the provision is intended to bring this portion of the business records exception into conformity with modern views of the opinion rule. We deem sub. (6) to properly state the modern rule as approved by McCormick, *supra,* and we accept it for the purpose of determining the admissibility of hospital records which contain diagnoses or opinions.

As is required in applying any rule that permits evidence to be admitted, the trial judge is to use sound judicial discretion in determining whether under the circumstances the particular record should be admitted. A proper statement of the discretionary factors which a trial judge should follow in determining whether or not to admit a hearsay medical opinion or diagnosis appears in a comprehensive article by Judge Marvin C. Holz, *A Survey of Rules Governing Medical Proof in Wisconsin—1970,* 1970 Wisconsin Law Review, p. 989, 1024, 1025. Therein it is stated:

"It would seem that the determination of whether an opinion or diagnosis should be admitted should depend upon the character of the entry. If it is a routine diagnosis, readily observable, and one which in the judgment of the trial court competent physicians would not differ, the time and inconvenience of requiring the author to testify outweighs the need for producing him. If the entry requires explanation and is a matter of discriminating judgment, then the author should be present for cross-examination. Many trial courts in Wisconsin consider the character of the opinion and use these tests."

A medical record containing a diagnosis or opinion is not henceforth to be ipso facto excluded from evidence, but such evidence may be excluded in the trial judge's discretion if the entry requires explanation or a detailed

statement of the judgmental factors upon which the diagnosis or opinion is based.

It should also be noted that the record is barren of any reason why Dr. Siverhus, a local physician, could not have been called in person to the stand if the plaintiff sought to controvert any of his hearsay statements.

The facts recited indicate that a proper foundation was laid for the admission of the exhibit. The circumstances under which such a record may be qualified for admission are set forth in sec. 889.25, Stats. The custodian of the record testified to its identity and mode of preparation and that it was made in the regular course of the hospital business. The record qualified for admission on the basis of the foundation presented in court.

We conclude that the exclusion of the exhibit was prejudicial. While the mere recitation of her medical history does not in itself prove that Rosemarie Noland's hysterectomy was occasioned by her pre-existing condition, there was evidence presented by an underwriter for the insurance company that the failure of the Nolands to disclose pre-existing conditions in the insurance application increased the risk. We have stated in *Delaney v. Prudential Ins. Co.* (1966), 29 Wis. 2d 345, 139 N. W. 2d 48, and *Joplin v. John Hancock Mut. Life Ins. Co.* (1972), 55 Wis. 2d 650, 200 N. W. 2d 607, and the cases cited therein, that the misrepresentation of pre-existing conditions could result in such increase of the risk as to void the policy.

In the instant case, there was unrefuted testimony to show that the pre-existing conditions would have reduced the benefits payable under the policies, and riders were issued to that effect after the surgery when the prior medical history came to the attention of the insurance company. One of the underwriters for the insurance company testified that the misrepresentation increased the company's risk under the policy.

The exclusion of the contested exhibit prevented the defendant from completing its chain of proof with respect to the defense that the misrepresentation had materially increased the risk. The inclusion of the exhibit would have enabled the defendant to prove that Rosemarie Noland had certain physical conditions in the past and that the information given on the insurance application was false. The exclusion of the hospital record was prejudicial and, accordingly, the judgment must be reversed and a new trial ordered.

*By the Court.*—Judgment reversed and cause remanded for a new trial.