SCHMIDT, Trustee in bankruptcy, Appellant, vs. SADEK and another, Respondents.

*April 30—October 8, 1929.*

460

For the appellant there were briefs by *Reginald I. Kenney,* attorney, and *John L. Newman* of counsel, both of Milwaukee, and oral argument by *Mr. Kenney.*

For the respondent American National Bank there was a brief by *Wood, Warner & Tyrrell* of Milwaukee, and oral argument by *John C. Warner* and *Edgar L. Wood.*

The following opinion was filed June 4, 1929:

CROWNHART, J.  The bank, it appears, would not have entered into the arrangement to advance money on the business of the corporation except upon the conditions and terms agreed upon, and it is clear that the corporation could not have carried on its business without some such arrangement.

The findings of fact are sufficiently substantiated by the evidence to uphold them.  The trial court rendered judgment dismissing the claim of the plaintiff as to the commissions paid, but gave plaintiff judgment for the amount which the bank had taken from the corporation's account and applied on the interest on Sadek's note.

The judgment of the circuit court must be affirmed.  There is no evidence that the parties acted in bad faith unless it may be drawn as an inference that Sadek was guilty of fraud in suppressing the fact, to begin with, that the commissions which he obtained under his contract with the corporation were to be applied, and were applied, on his personal indebtedness to the bank.  But there is nothing in the contract or in the evidence to indicate that Sadek was not to have these commissions as his own, in payment of the services that he was to render, in addition to his weekly salary.  Clearly, that was the purport of the contract, and it is not claimed that he made any false representations or that the bank misrepresented any of the facts to the corporation.  It turned out that the venture was a losing one for the corporation.  However, it is clear that the corporation would have become bankrupt in any event.

There were collected by the respondent bank and applied

on Sadek's notes something over $9,000, and even if all that sum had been applied to the corporation's indebtedness, it still would have become bankrupt at about the time it did. It does not appear that any creditors of the corporation were misled into extending credit by reason of the arrangements with the bank. Of course, Sadek, acting as general manager of the corporation, was under obligation in good faith to work for the best interests of the corporation. At the same time he had the right to procure for himself such reasonable remuneration for his services as might be agreed upon between himself and the stockholders and directors of the corporation. His agreements with the corporation were open and above board, with the exception that he did not disclose what he was going to do with his commissions. However, it cannot be said that the corporation expected, or had any right to expect, him to use the commissions in behalf of the corporation, otherwise than to secure the credits which he did. The contract seems to be plain that the commissions were to belong to Sadek, and the salary and commissions were evidently considered by the corporation as only fair remuneration for the services Sadek rendered in managing the corporation and procuring finances to operate it.

At the time of the last extension of the contract by the corporation with Sadek, the facts of Sadek's applying his commissions on his personal obligation to the bank were known to the officers and directors of the bankrupt, and in effect fully ratified by them.

The evidence fails to substantiate the claims of the appellant that either Sadek or the respondent bank was guilty of any fraud upon the corporation, its officers, or stockholders.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on October 8, 1929.