CALVETTI and others, Appellants, vs. INDUSTRIAL COMMIS-
SION OF WISCONSIN and another, Respondents.

*March 3—April 1, 1930.*

For the appellants there was a brief by *Brown, Pradt &
Genrich* of Wausau, and oral argument by *L. A. Pradt.*

For the respondent Industrial Commission there was a
brief by the *Attorney General* and *Mortimer Levitan* and

*F. C. Seibold,* assistant attorneys general, and oral argument by *Mr. Seibold.*

CROWNHART, J. Pasqualle Brigenti, under sixteen years of age, was employed November 18, 1927, by appellants in their garage at Hurley, Wisconsin, as a helper about the place. Appellants' garage had a capacity of sixty cars. The hunting season for rabbits was on, and hunters with guns were in and out of the garage to some extent.

On the 18th of November, 1927, a boy of sixteen, named Castagna, entered the garage to await the arrival of one Jondelli, who kept his car in the garage, and to whom Castagna had that day loaned his gun, which he wished to get. Jondelli later came in with his car, and the boy Castagna went to get his gun. Jondelli took it from the back of the car and handed it to Castagna in two pieces. Castagna put the gun together and playfully aimed it at Pasqualle Brigenti, and shot him to his death. It is admitted that the shooting was accidental and not intentional.

It further appeared that Pasqualle Brigenti had been employed by appellants during the summer under a vacation permit. The boy desired to continue his employment and applied for the necessary permit to continue work after his vacation permit should expire. The county judge wrote to the Industrial Commission for directions and was informed that he might issue the permit, which he thereupon did, and notified Pasqualle that it had been issued and for him to come and get it. The boy went to the judge's office for the permit, but found the judge busy and returned to his work without it. He did not go back for his permit, and it remained with the county judge and was there at the time of the accident.

Such are the undisputed facts upon which liability was found by the Industrial Commission and sustained by the circuit court. The award for compensation was entered for twice the amount of the normal compensation, by reason of

the deceased being unlawfully employed at the time of the accident, as found by the commission.

The appellants contend that the accident was not incidental to and did not grow out of the employment. We think that contention is set at rest by the decision in *Badger Furniture Co. v. Industrial Comm.* 195 Wis. 134, 217 N. W. 734. In that case an employee was hit in the eye by a nail thrown by another employee in play, while both employees were waiting for the whistle to blow for work to begin. There we held that the injured employee was hurt through the negligence of a fellow employee for whom the employer was responsible, and the injured boy was not engaged at play when injured.

Here the boy was shot by a frequenter of the garage, another boy who had been permitted to enter the garage to wait for a patron of the garage to bring to him his gun. The injured lad was pursuing his work in a proper manner when he was shot, and was in no wise to blame. One of the appellants testified that Castagna came to the garage and appellant stopped him and inquired his business, and Castagna told him he was after his gun and would wait there for its return. He was permitted to enter the garage for that purpose without objection. The boy was no trespasser, but a frequenter, within the meaning of that term as used in the statutes (sub. (5), sec. 101.01, Stats. 1927). The garage was a public building resorted to by the public, including those with guns, and where guns are handled shooting accidents may happen. The accident, therefore, was a hazard of the employment, and falls within the letter and spirit of the compensation act.

The appellants further contend that the injured boy had a permit to work, within the spirit of the law, and that double normal compensation was improperly awarded.

The compensation act provides that when the injury is sustained by a minor illegally employed, compensation and death benefits shall be double the amount otherwise recover-

able if the injured employee is a minor of permit age, and is at the time permitted to work without a written permit issued pursuant to sec. 103.05.

Sec. 103.05 (4) (a) provides that "No child . . . shall be employed . . . in any workshop . . . unless there is first obtained . . . a written permit authorizing the employment."

Sec. 103.05 (7) provides that "Every employer employing or permitting a minor to work as provided in this section shall: (a) Receive and file the permit before the minor is permitted to do any work and shall keep the same on file during the entire period of the employment of the minor and subject at all times to the inspection of the industrial commission or any truant officer."

Clearly, the child labor law was not complied with by appellants, Pasqualle Brigenti's employers. They evidently knew the law, for they had complied with the requirement for a vacation permit and had talked over the phone with the county judge about a permit for the boy during the school year.

The child labor law, sec. 103.10, Stats., provides a penalty of not less than ten dollars nor more than one hundred dollars for such failure to obtain and keep the permit on file in the place of employment.

But the respondents contend that the double assessment of compensation applies as well, and the commission and the circuit court so held. The compensation act is to be liberally construed to carry out its humane purposes. However, penalty provisions are to be strictly construed, and to double the compensation for failure to have the permit on file is to inflict a penalty of great severity. It cannot be said that the compensation act demands such a construction. The accident and injury would be the same whether the boy had his permit on file with his employer or not. The fact was that he was entitled to a permit, and the permit had been actually lawfully issued, and he was not illegally employed.

Referring to the compensation law, it will be seen that

sub. (7) (a) of sec. 102.09, Stats., provides that the double liability applies where the minor is illegally employed when at the time of the accident he is permitted to work without a permit *issued* pursuant to sec. 103.05.

The permit had been duly issued by the county judge; the minor had been duly notified of its issuance; he had been laid off half a day to get the permit from the county judge, but had been unable to obtain it at the time because the judge was engaged in the trial of a case. The welfare of the minor had been fully guarded. The permit was required to be on file with the employer for the convenience of the inspectors. The employers' failure in this regard was punishable by a fine of ten dollars to one hundred dollars.

The court is of the opinion that the double liability should not have been awarded under the circumstances.

*By the Court.*—The judgment of the circuit court should be modified by striking therefrom the assessment of double liability, and as so modified it will stand affirmed.