Newman and another, Appellants, vs. Industrial Commission of Wisconsin and others, Respondents.

*December 12, 1930—January 13, 1931.*

For the appellants there was a brief by *McGovern, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *Wallace Reiss*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

*James F. Dougherty* of Kilbourn, for the respondents Alfred and Anna Hendrickson.

ROSENBERRY, C. J. The sole question presented upon this appeal is whether or not the deceased son of the claimants met his death from a hazard peculiar to or arising out

of his employment and therefore compensable, or whether his death was the result of a hazard common to persons generally and therefore not compensable under the workmen's compensation act.

Some language used by the court in *Eagle River B. & S. Co. v. Industrial Comm.* 199 Wis. 192, 225 N. W. 693, appears to be the basis of an argument to the effect that *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996, is not the law. In the *Hoenig Case* it was said that injuries to employees for which compensation is to be paid under the workmen's compensation act are such as are incidental to and grow out of the employment and that the act does not cover injuries resulting from a hazard not peculiar to the industry or increased by the nature of the employment. It is true that there is no language in the act which limits it to injuries which are incidental to and grow out of the employment, but. the whole theory and purpose of the workmen's compensation act was to charge upon the industry as one of the necessary elements of cost in the production of goods, losses sustained by workmen in their employment. It was never intended to make the workmen's compensation law an accident insurance or health insurance measure. The original purpose and theory of the law is not infrequently lost sight of not only in cases of this character but in those where it is sought to extend the operation of the law to situations not fairly within its purpose and where its operation may very well do as much harm as it does good. A good illustration is the case of *Vandervort v. Industrial Comm., post,* p. 362, 234 N. W. 492, decided herewith, where the matter is more fully dealt with.

In the *Hoenig Case, supra,* the employee on account of whose death compensation was claimed was engaged in building a concrete dam. All the conditions of exposure are there set forth and they are not materially different from those which are likely to arise in any case of death by light-

ning. Upon a consideration of the evidence in that case the Industrial Commission held that his death did not proceed from a hazard incidental to or peculiar to his employment and that the risk was not increased by reason of his employment. It was there said that there was a finding of fact which could not be disturbed by the court under the well established rule. Equally it must be considered a finding if the commission had found the other way as upon similar evidence in this case it did find.

There is a wide distinction between death by lightning and hurricane and death by injuries from freezing or sunstroke. In death by freezing or sunstroke the conditions under which one is employed may very well contribute materially to his injuries. On the other hand, it is extremely difficult to find a place of safety or do anything which diminishes or increases the hazard as against lightning or hurricane.

We have given consideration to the very exhaustive argument made on behalf of the employer in this case and there is much that may be urged upon both sides of the case. There is a great conflict in the authorities. It is considered, however, that in cases of lightning, where as a matter of common knowledge the hazard may be increased by one's surroundings, the decision in the *Hoenig Case* should stand and that it should be considered a question of fact to be determined upon the evidence in each case. We are in substantial accord with the views of the New York court of appeals as expressed in *Madura v. City of New York,* 238 N. Y. 214, 144 N. E. 505. No useful purpose would be served by restating the matters there fully dealt with after an exhaustive examination of the authorities.

*By the Court.*—Judgment affirmed.