VER HAGEN and wife and another, Respondents, v. GIB-
BONS, Appellant.

*No. 241. Argued April 29, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 83.)

For the appellant there was a brief by *Steele, Smyth, Klos & Flynn* and *Marvin H. Davis,* all of La Crosse, and oral argument by *Mr. Davis.*

For the respondents there was a brief by *Johns, Flaherty, Harman & Gillette* and *Donald J. Harman,* all of La Crosse, and oral argument by *Donald J. Harman.*

HANLEY, J.    The sole issue before this court is whether one can recover for mental anguish and emotional distress

which is the result of another's negligence and which is not manifested by, or causative of, any physical injury.

One of the earliest cases involving mental distress is *Summerfield v. Westen Union Telegraph Co.* (1894), 87 Wis. 1, 2, 57 N. W. 973. There this court denied recovery to one who, due to the defendant's negligence, did not receive word of his mother's illness until after her death. The plaintiff alleged that as a result he was ". . . 'mortified, grieved, hurt, and shocked, and suffered intense anguish of body and mind, and was thereby thrown into a state of nervous excitement and tremor, which rendered him sick and impaired his health and strength, and that he still suffers from the effect of the same.' "

In denying recovery the court stated that ". . . for mental distress alone . . . damages are not recoverable, . . ." [1] but then recognized, at pages 8 and 9, the following situations wherein damages for the infliction of mental suffering would be recoverable:

". . . '(1) Where, by the merely negligent act of the defendant, physical injury has been sustained; and in this class of cases they are compensatory, and the reason given for their allowance is that the one cannot be separated from the other. (2) In actions for breach of the contract of marriage. (3) In cases of wilful wrong, espe-

[1] The court's reasoning for adopting such a rule was indicated, at pages 10 and 11, by the following quotation of Judge LURTON:

". . . 'The reason why an independent action for such damages cannot and ought not to be sustained is found in the remoteness of such damages, and in the metaphysical character of such an injury, considered apart from physical pain. Such injuries are generally more sentimental than substantial. Depending largely on physical and nervous conditions, the suffering of one under precisely the same circumstances would be no test of the suffering of another. Vague and shadowy, there is no possible standard by which such an injury can be justly compensated or even approximately measured. Easily simulated and impossible to disprove, it falls within all of the objections to speculative damages, which are universally excluded because of their uncertain character.' "

cially those affecting the liberty, character, reputation, personal security, or domestic relations of the injured party.' . . ."

Later, in *Gatzow v. Buening* (1900), 106 Wis. 1, 81 N. W. 1003, recovery was sought for mental suffering and distress caused by a conspiracy to deprive the plaintiff of the hearse in which his deceased child was to be driven to the cemetery. There again the court noted that no physical injury had been inflicted upon the plaintiff and stated, at page 20:

". . . [This] case does not fall within the few exceptions to the rule,—which prevails in this state and in most jurisdictions,—that mental distress alone is too remote and difficult of measurement to be the subject of an assessment of damages. . . ."

In *Ford v. Schliessman* (1900), 107 Wis. 479, 83 N. W. 761, it was held that one could recover for mental suffering caused by a direct assault upon her person even though the defendant neither touched her nor caused her physical injury. The court, however, denied recovery because the evidence was insufficient to establish that the defendant had actually assaulted the plaintiff or attempted to have carnal intercourse with her.

Subsequently, in *Pankopf v. Hinkley* (1909), 141 Wis. 146, 123 N. W. 625, an action to recover for *physical injuries* resulting from "severe fright and shock" was considered by this court. As a result of the defendant's negligence, the plaintiff was thrown from her carriage and later suffered physical injuries in the form of a miscarriage due to fright and shock caused by the accident. In allowing recovery this court ruled that:

"The principle here decided is that when physical injury flows directly from extreme fright or shock, caused by the ordinary negligence of one who owes the duty of care to the injured person, such fright or shock is a link

in the chain of proximate causation as efficient as physical impact from which like results flow." *Pankopf v. Hinkley, supra,* at page 149.

This ruling was later affirmed in *Sundquist v. Madison Railways Co.* (1928), 197 Wis. 83, 221 N. W. 392, wherein the plaintiff, although sustaining no immediate physical injuries following an automobile accident, was allowed to recover for paralysis which later resulted from the fear and shock caused by such accident.

In *Waube v. Warrington* (1935), 216 Wis. 603, 258 N. W. 497, however, recovery for physical injuries resulting from ". . . fright, shock and excessive sudden emotional disturbances" was denied because the plaintiff's fear was not for her own safety, but for the safety of her daughter whom she had seen killed through the defendant's negligent operation of a motor vehicle.[2] The requirement that physical injuries resulting from fear be caused by fear for one's own safety was later affirmed and illuminated in *Klassa v. Milwaukee Gas Light Co.* (1956), 273 Wis. 176, 77 N. W. 2d 397, and *Colla v. Mandella* (1957), 1 Wis. 2d 594, 85 N. W. 2d 345.

In *Klassa* it was held that one must not only be within " 'the range of ordinary physical peril' " but must actually be in fear for his own safety. In *Colla* the defendant had parked his truck atop a hill overlooking the house of the plaintiff's deceased husband. When the truck rolled down the hill striking his house, he became extremely excited and later suffered a fatal heart attack. Although the truck had not actually struck the plaintiff's deceased husband, recovery was allowed for his death which had been caused by his excitement and fear. In allowing recovery this court removed any doubt of its having

---

[2] In denying recovery, this court stated, at page 613, that plaintiff's rights could not ". . . be extended to any recovery for physical injuries sustained by one out of the *range of ordinary physical peril* as a result of the shock of witnessing another's danger. . . ." (Emphasis supplied.)

abandoned the requirement that there be direct physical impact upon the plaintiff before allowing recovery for physical injuries resulting from shock or fear for one's own safety.

From the foregoing cases, it is clear that, while this jurisdiction has abandoned the requirement of physical *impact,* doubt remains as to when physical *injuries* which manifest emotional or mental disturbances are required as a prerequisite to recovery for negligent infliction of such disturbances.

The defendant-appellant takes the position that recovery is not allowed under the circumstances of this case. While he is correct in his contention, his reliance upon *Alsteen v. Gehl* (1963), 21 Wis. 2d 349, 124 N. W. 2d 312, is for the most part misplaced. *Alsteen,* unlike the instant case, was an action to recover damages for intentionally inflicted emotional distress. This court, not having previously considered such a case at length,[3] there set forth four prerequisites to recovery for the intentional infliction of psychological injury. It did not, however, as urged by the appellant, require intent in all cases and thereby totally eliminate recovery for the negligent infliction of emotional distress. Had such been the court's intent, it would have expressly overruled earlier case law to the contrary. An examination of such cases, however, indicates that psychological or emotional damage caused by negligence is, in limited circumstances, compensable.

In *Alsteen, supra,* the plaintiff sought recovery from one who had contracted to repair her house. This court there recognized that due to difficulties of proof it had previously been reluctant to allow recovery for emotional distress in the absence of attendant physical injuries which manifest such distress. However, it then noted that the factual basis for denying recovery in such cases

---

[3] *See,* however, *Koerber v. Patek* (1905), 123 Wis. 453, 102 N. W. 40, and cases cited therein.

has changed and announced, at page 359, that ". . . we now possess the tools whereby we can intelligently evaluate claims of emotional injury. . . ."

The question now is whether such announcement is to be limited to cases involving *intentional* infliction of injury or also to be applied to *negligent* infliction of emotional distress.

In answering this question it can be argued with perfect logic that if we possess tools to intelligently evaluate claims which may be spurious, such tools are capable of such evaluation regardless of whether they are caused intentionally or through negligence. However, from the very prerequisites to recover set forth in *Alsteen, supra,* it is apparent that such tools are considered adequate only when the prerequisites are in fact present.

In *Alsteen, supra,* this court stated, at pages 359, 360, and 361:

". . . Four factors must be established for an injured plaintiff to recover:

"(1) The plaintiff must show that the defendant's conduct was intentional; that is to say, the defendant behaved as he did for the purpose of causing emotional distress for the plaintiff.

"(2) In addition to being intentional, the defendant's conduct must be extreme and outrageous. . . .

"(3) The plaintiff must demonstrate that the defendant's conduct was a cause-in-fact of his injury. . . .

"(4) The plaintiff must demonstrate that he suffered an extreme disabling emotional response to the defendant's conduct. . . ."

In regard to number (2) above, the court stated:

". . . The requirement that the conduct be extreme and outrageous reflects our concern with the difficulties surrounding proof of the existence of severe emotional harm, and proof of a causal relationship between the injury and the defendant's conduct. If the conduct is gross and extreme it is more probable that the plaintiff did, in fact, suffer the emotional distress alleged. . . ."

In regard to number (4) above, the court stated:

". . . The severity of the injury is not only relevant to the *amount* of recovery, but is a necessary element to *any* recovery. The plaintiff must demonstrate that he was unable to function in his other relationships because of the emotional distress caused by defendant's conduct. Temporary discomfort cannot be the basis of recovery."

The above statements indicate that emotional stress must be manifested by physical injuries in actions based on negligence rather than intentional conduct.

The decision in *Alsteen, supra,* insofar as it eliminates resulting physical injury as a prerequisite to recovery for emotional distress, is limited to cases wherein the above four factors are present.

In *Riehl v. De Quaine* (1964), 24 Wis. 2d 23, 127 N. W. 2d 788, this court held that damages for traumatic neurosis, when associated with *physical injury,* are recoverable in personal injury actions in this state. In the instant case no physical injury which manifested the alleged mental anguish was alleged in the complaint.

We conclude the demurrer was improperly overruled and the trial court's order must be reversed.

Since the case is here on demurrer, there is not an adequate record to establish whether the plaintiffs can allege additional facts sufficient to constitute a cause of action. We think that the plaintiffs should be afforded the right to plead over. Plaintiffs may file an amended complaint within twenty days after the return of the record to the circuit court.

*By the Court.*—Order reversed.

WILKIE, J. (*dissenting*). I respectfully dissent. The majority opinion, as I understand it, would permit the plaintiff to continue his lawsuit if he had only alleged in his complaint that as a result of the emotional distress he suffered due to defendant's negligence, he became

physically ill. In other words, the majority give controlling importance to a physical manifestation.

The majority correctly point out that in *Alsteen v. Gehl* [1] we recognized that in a proper situation, a plaintiff could recover damages for intentionally inflicted emotional distress regardless of whether this emotional distress was subsequently physically manifested. We should now extend this protection to situations involving the negligent infliction of emotional distress regardless of whether a physical manifestation is attendant.

There is no longer any reason in logic or in fact to distinguish between intentional or negligent infliction of emotional distress. Both are equally difficult to prove. Both should compel recovery if injury results, be it purely emotional or partly physical. There is no reason to distinguish the form of the consequences produced by emotional distress. The damage is equally real whatever name is applied.

In recognizing a cause of action of this type there will undoubtedly be questions as to whether the plaintiff did in fact suffer the emotional distress complained of, or whether, if suffered, it was produced by defendant's acts or some other cause. These are fact questions which can be answered only in the light of the evidence, including medical testimony, of the given case.

For this court to recognize a cause of action for negligent infliction of emotional distress without accompanying physical injury would not be as revolutionary as the majority opinion assumes. There have been some Wisconsin decisions which have paved the way.

For example, in *Vinicky v. Midland Mut. Casualty Ins. Co.*,[2] this court affirmed a jury award of $2,000 for injury to a twelve-year-old boy where:

". . . The side of his face was swollen and his eye was nearly shut. However, his principal claim for damages is

---

[1] (1963), 21 Wis. 2d 349, 124 N. W. 2d 312.

[2] (1967), 35 Wis. 2d 246, 151 N. W. 2d 77.

based upon emotional injuries and mental distress that he suffered at the time of the accident and subsequent thereto." [3]

Also, in *Ritter v. Coca-Cola Co.,*[4] this court affirmed a jury verdict of $2,500 in favor of a plaintiff who, when drinking from a bottle of coke, saw a partially decomposed mouse in the bottle. As a result she suffered great mental distress but chemical tests indicated that she sustained no toxic or physical injury other than vomiting from drinking the contaminated coke. In that case the issue of her right to recover was not raised and we decided the case on the issue of the admissibility of certain medical testimony.

These two cases implicitly, at least, recognize that a plaintiff who suffers great emotional distress is entitled to recover damages for the negligent infliction of such distress. The absence of a physical manifestation of such distress should not change this result since severe mental disturbances are almost always characterized by some type of physical reaction and frequently it is only an accident of pleading that the adverse consequences complained of are characterized as mental rather than physical.

I would affirm the order of the trial court.[5]

I am authorized to state that Mr. Chief Justice HAL-LOWS and Mr. Justice HEFFERNAN join in this dissent.

---

[3] *Id.* at page 252.

[4] (1964), 24 Wis. 2d 157, 128 N. W. 2d 439.

[5] *See generally:* Campbell, *Recent Developments of Tort Law in Wisconsin,* CLEW (1969), pp. 59–62; Annot. *Torts-Emotional Disturbances* (1959), 64 A. L. R. 2d 100.