SCHOOL DISTRICT NO. 1, VILLAGE OF BROWN DEER and another, Appellants, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*No. 222. Argued January 2, 1974.—Decided March 5, 1974.*
(Also reported in 215 N. W. 2d 373.)

For the appellants the cause was submitted on the brief of *C. Donald Straub Law Office,* attorneys, and *C. Donald Straub* of counsel, of Milwaukee.

For the respondent Department of Industry, Labor & Human Relations the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Gordon Samuelsen,* assistant attorney general.

HANLEY, J. The sole issue on this appeal is whether Mary Tauscher sustained a compensable injury. If the mental injury suffered by Mary Tauscher was the result of an accident, the injury is compensable under the Workmen's Compensation Act. It is clear that the legislature intended to impose liability against the employer for *mental* and physical injuries which are caused by accident or disease.[1] Statutory language to that effect is clear. Similarly, it is clear that the legislature did not intend to limit the employer's liability for mental injuries solely to those which are traumatically caused.[2] There

[1] Secs. 102.01 (2) (d) and 102.03 (1) (a), Stats.

[2] *Johnson v. Industrial Comm.* (1958), 5 Wis. 2d 584, 93 N. W. 2d 439; *Johnson v. Industrial Comm.* (1961), 14 Wis. 2d 211, 109

is no statutory language limiting liability for mental injury in such a manner and none may be inferred.[3] An employee is equally disabled if his injury be mental or physical.[4] Thus, if the mental injury suffered by the respondent can be determined to have been accidentally caused, compensation must be granted.[5]

Sec. 102.03, Stats., provides liability for workmen's compensation when an employee sustains an injury while performing service growing out of and incidental to his employment where the accident or disease causing an injury arises out of his employment.

Sec. 102.01, Stats., defines "injury" as meaning "mental or physical harm to an employee caused by *accident* . . . ." (Emphasis supplied.)

Webster's, *International Dictionary* (3d ed., Unabridged) defines accident in part as follows:

". . . an unexpected happening causing loss or injury which is not due to any fault or misconduct on the part of the person injured but from the consequences of which he may be entitled to some relief."

Black's, *Law Dictionary* defines the term "accident" within Workmen's Compensation Act as:

---

N. W. 2d 666. *See also: Yates v. South Kirkby & Co. Collieries, Ltd.* (1910), 2 K. B. 538; *Klein v. Len H. Darling Co.* (1922), 217 Mich. 485, 187 N. W. 400; *Burlington Mills Corp. v. Hagood* (1941), 177 Va. 204, 13 S. E. 2d 291; *Charon's Case* (1947), 321 Mass. 694, 75 N. E. 2d 511; *Bailey v. American General Ins. Co.* (1955), 154 Tex. 430, 279 S. W. 2d 315; and *Carter v. General Motors Corp.* (1960), 361 Mich. 577, 106 N. W. 2d 105.

[3] The Workmen's Compensation Act must be liberally construed so as to effect its humanitarian purpose. *Milwaukee v. Miller* (1913), 154 Wis. 652, 144 N. W. 188; *Calvetti v. Industrial Comm.* (1930), 201 Wis. 297, 230 N. W. 130; *Grant County Service Bureau v. Industrial Comm.* (1964), 25 Wis. 2d 579, 131 N. W. 2d 293.

[4] *See Johnson v. Industrial Comm., supra,* page 589.

[5] Sec. 102.01 (2) (d), Stats.

". . . a befalling; an event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event; chance; contingency; often, an undesigned and unforeseen occurrence of an afflictive or unfortunate character; casualty; mishap; as, to die by an accident. . . ."

This court has previously defined "accident" in terms of the workmen's compensation statute as a fortuitous event unexpected or unforeseen by the injured person, even though the injury is intentionally inflicted by another. *Beck v. Hamann* (1953), 263 Wis. 131, 56 N. W. 2d 837. In determining whether there has been an accident we must look from the perspective of the injured person. *Olsen v. Moore* (1972), 56 Wis. 2d 340, 350, 202 N. W. 2d 236. If the result of the act is unexpected or unforeseen, then the injury is accidental. *Cf. Lewellyn v. Industrial Comm.* (1968), 38 Wis. 2d 43, 155 N. W. 2d 678.

"The 'by accident' requirement is now deemed satisfied in most jurisdictions either if the cause was of an accidental character or *if the effect was the unexpected result of routine performance of the claimant's duties.*" (Emphasis supplied.) [6]

However, despite the broad definition given to "accident" by this court, we have not defined accident as encompassing every occurrence or event which befalls the employee while performing service growing out of or incidental to his employment. To so define "accident" this court would be losing sight of the legislative purpose of workmen's compensation.

". . . It was never intended to make the workmen's compensation law an accident insurance or health insurance measure. The original purpose and theory of the law is not infrequently lost sight of not only in cases of this character but in those where it is sought to

---

[6] 1A Larson, *Law of Workmen's Compensation*, sec. 38.

extend the operation of the law to situations not fairly within its purpose and where its operation may very well do as much harm as it does good. . . ." *Newman v. Industrial Comm.* (1931), 203 Wis. 358, 234 N. W. 495.

Such is especially true in situations involving alleged mental injuries which the employee claims arose out of an occurrence or event which befell him while performing a service growing out of or incidental to his employment.

This court has always exercised a degree of hesitancy in granting compensation for mental injuries—especially those injuries of nontraumatic causation as is found in the instant action. Such hesitancy is expressed in *Johnson v. Industrial Comm., supra,* where the court deemed compensable a mental injury which was traumatically caused.

"While this court has not heretofore held that traumatic neurosis is compensable under the Workmen's Compensation Act, we believe that traumatic neurosis or hysteria caused by an industrial accident is a compensable injury." [7]

The court went to great lengths to point out the inherent danger which exists in granting compensation for mental injuries.

". . . claims for mental injury under the Workmen's Compensation Act should be examined with caution and carefulness because of the danger inherent in such cases of malingering." [8]

Since the court on a review of the record was satisfied that the appellant therein was suffering a "real" disability and not malingering, compensation was permitted.

This court has likewise expressed its hesitancy to permit recovery in tort for mental injury caused either

---

[7] *Johnson v. Industrial Comm., supra,* at page 589.
[8] *Id.* at page 589.

intentionally or negligently. Thus, in *Alsteen v. Gehl* (1963), 21 Wis. 2d 349, 124 N. W. 2d 312, it required that the defendant's conduct be extreme and outrageous because it:

". . . *reflects our concern with the difficulties surrounding proof of the existence of severe emotional harm, and proof of a causal relationship between the injury and the defendant's conduct.* If the conduct is gross and extreme it is more probable that the plaintiff did, in fact, suffer the emotional distress alleged." (Emphasis supplied.) [9]

Similarly, in *Ver Hagen v. Gibbons* (1970), 47 Wis. 2d 220, 177 N. W. 2d 83, the court refused to allow extension of the *Alsteen Case* to situations involving negligent infliction of mental injuries. The basis upon which this court's refusal rested was the fact that without the four prerequisites this court promulgated in cases involving the intentional infliction of mental harm, [10] the tools necessary to intelligently evaluate claims of emotional injury were not present. Thus, the court required that recovery for the negligent infliction of mental harm would be permitted only when the emotional distress is manifested by physical injuries.

The rationale expressed by this court in *Ver Hagen* and *Alsteen* as to its inability to effectively evaluate claims of intentional infliction of mental harm without the prerequisites therein promulgated is likewise applicable to the instant action. Without some effective means of evaluating an employee's claim of mental injury, this court would open the floodgates to numerous fraudulent claims of mental injury.

Thus it is the opinion of this court that mental injury nontraumatically caused must have resulted from a situation of greater dimensions than the day-to-day emotional

---

[9] *Alsteen v. Gehl, supra,* at page 360.

[10] *Id.* at pages 359–361.

strain and tension which all employees must experience. Only if the "fortuitous event unexpected and unforeseen" can be said to be so out of the ordinary from the countless emotional strains and differences that employees encounter daily without serious mental injury will liability under ch. 102, Stats., be found.

In the instant case, the claimant's right to recover under workmen's compensation is based on a student's exercise of his right of freedom of expression. Here the emotional stress is no greater than the many differences and irritations to which all employees are subjected and is not an accident compensable under workmen's compensation. The mere receipt of a partially blacked-out list of suggestions prepared by the student council which asked for her dismissal could not be deemed to be so out of the ordinary from the countless emotional strains and differences that employees encounter daily without serious mental injury. Rather, it is our opinion that the critical remarks advanced by the students of Brown Deer High School is but an occurrence encountered by numerous other employees in their day-to-day employment.

In refusing to find the employer liable under ch. 102, Stats., in the instant action, however, we do not intend to close the door to those situations in which compensation may be warranted. We do not believe that an average man who, after being criticized and berated by an employer or whomever for a significant period of time, suffers a mental injury should be denied compensation. The common sense viewpoint of the average man would deem such a situation to be accidental and liability would be found under sec. 102.03 (1) (a). Such a situation would undeniably be so out of the ordinary from the countless emotional strains that an employee encounters daily that this court could effectively evaluate the mental injury allegedly incurred.

We conclude that recovery of workmen's compensation under the circumstances of the instant case was not contemplated by the Workmen's Compensation Act. The judgment of the circuit court is reversed and the case remanded to the Department of Industry, Labor & Human Relations with directions to dismiss respondent's application for compensation.

*By the Court.*—Judgment reversed and cause remanded with directions.

WILKIE, J. *(dissenting).* The majority correctly conclude that the legislature did not intend to limit an employer's liability for mental injuries to their employees solely to those instances where these mental injuries are traumatically caused. Indeed, there is no statutory language limiting liability for mental injuries in such a manner.

My quarrel with the majority, therefore, is that they conclude as a matter of law that the mental injury untraumatically caused here was not the result of an industrial accident within the meaning of the workmen's compensation law. They conclude the " 'fortuitous event, unexpected and unforeseen' " must be "out of the ordinary" to permit recovery.

As justification for this restrictive view of when a worker may recover for nontraumatic mental injury, the majority opinion states:

". . . Without some effective means of evaluating an employee's claim of mental injury, this court would open the floodgates to numerous fraudulent claims of mental injury."

The Workmen's Compensation Act expresses the legislative determination that an employee should be compensated for injury sustained while performing service growing out of and incidental to his employment where

the accident or disease causing harm arises out of his employment.

I agree with the reviewing court's statement in its opinion affirming the order of the department which awarded compensation to the applicant in this case:

". . . The protection against abuse lies in the competence and good judgment of the department's hearing examiners. Furthermore, the protection of the interests of employees who have suffered mental harm due to an accidental occurrence during the course of employment outweighs the possible harm that may result to employers and insurance carriers as a result of the possibility that some cases of feigned mental harm may be awarded compensation."

Whether an applicant has indeed suffered an accidental injury arising out of her employment and resulting in mental harm is a question of fact for the department. The appellant in this case did not challenge the findings of the department that the claimant did suffer a mental injury arising out of claimant's employment and that the applicant was performing services incidental to her employment at the time of the injury. I would affirm the decision of the reviewing court.

The holding of *Ver Hagen v. Gibbons* [1] against recovery for nontraumatically caused mental injury in a negligence action is not involved here since this is a work compensation case where recovery is not based on fault. My views as expressed in the dissent to *Ver Hagen* still stand. That dissent states that in logic mental injury should be compensable with proof of accompanying physical injury.

I am authorized to state that Mr. Chief Justice HALLOWS joins in this dissenting opinion.

---

[1] (1970), 47 Wis. 2d 220, 177 N. W. 2d 83.