**Judith L. BUSSE, Plaintiff,**

v.

**GELCO EXPRESS CORPORATION, a/k/a Gelco Courier Service, Inc., Pony Express Courier Corporation of America, Pony Express Courier Corporation, Baker Industries, Inc., Borg–Warner Corporation, Rasim Ayesh, Len Loper and Bruce Lumsden, Defendants.**

**No. 86–C–931.**

United States District Court, E.D. Wisconsin.

Feb. 4, 1988.

Thomas M. Domer and Katherin L. Charlton, Shneidman, Myers, Dowling & Blumenfield, Milwaukee, Wis., for plaintiff.

Eugene N. Johnson, Waukesha, Wis., for defendant Leonard Loper, a/k/a Len Loper.

Aaron Starobin, Starobin & Associates, Thiensville, Wis., for defendant Rasim Ayesh.

Joseph Ferris, Kasdorf, Lewis & Swietlik, S.C., Milwaukee, Wis., for defendants Gelco Exp. Corp., Gelco Courier Service, Inc., Pony Exp. Courier Corp. of America, Pony Exp. Courier Corp., Baker Industries, Inc., Borg–Warner Corp. and Bruce Lumsden.

## DECISION AND ORDER

STADTMUELLER, District Judge.

Plaintiff filed this action on August 27, 1986. The case was reassigned to this court by Chief Judge Robert W. Warren on September 1, 1987. Plaintiff alleges sex discrimination, retaliation and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Wisconsin Fair Employment Act (WFEA), Wis.Stat. § 111.31 *et seq.* She also brings a state law claim for negligent infliction of emotional distress. The parties have filed various motions, the resolution of which is aided by a brief review of the complaint.

Plaintiff alleges she was employed by the corporate defendants (hereafter sometimes referred to as "Gelco")[1] in various capacities relating to billing and customer service in Gelco's Cudahy, Wisconsin office. Defendants Rasim Ayesh and Len Loper also worked at Gelco's Cudahy office—Ayesh as courier supervisor and Loper as operations manager. Plaintiff's immediate supervisor was Jerry Placeres (who is not a defendant in this lawsuit), then district manager of sales at Gelco's Chicago facility. Bruce Lumsden, Gelco's district operations manager stationed in Chicago, exercised direct supervisory control over both Loper and Ayesh, and Loper also had supervisory authority over Ayesh.

It is further alleged that beginning in approximately September, 1983, Ayesh directed abusive language at and made unwelcome sexual advances toward plaintiff. When plaintiff complained to Loper, he not only failed to take corrective action but

joined in the conduct allegedly practiced by Ayesh. Plaintiff complained about Loper and Ayesh to the Chicago-based supervisors, Lumsden and Placeres, between October 5, 1983 and January 13, 1984. It is claimed that they took no immediate action in response to plaintiff's complaints. Loper and Ayesh were terminated from employment at Gelco on or about January 13, 1984.

Following that termination, plaintiff claims that Gelco forced her to assume a number of jobs formerly performed by Loper and Ayesh, in retaliation for her complaints of sexual harassment. After plaintiff filed charges against Gelco with the EEOC in January, 1984, Lumsden assigned her additional job responsibilities and discussed hiring a new Milwaukee branch manager "to take care of Judy Busse." Finally, plaintiff contends that she suffered severe emotional distress from April 13, 1984 through May 29, 1984. She was terminated as a Gelco employee on or about June 19, 1984, while her sexual harassment claims were pending before the EEOC.

## CORPORATE DEFENDANTS' AND LUMSDEN'S MOTION FOR SUMMARY JUDGMENT

The corporate defendants and Lumsden, joined by defendant Ayesh, have moved for summary judgment with respect to a number of plaintiff's claims, set forth below. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presented is to be viewed in the light most favorable to the non-moving party. *Brock v. American Workers Postal Union*, 815 F.2d 466, 469 (7th Cir.1987).

1) *"Assault" and intentional infliction of emotional distress:*

On plaintiff's representation that her complaint contains no such claims, defendants' motion will be granted.

---

**1.** Defendant Gelco Express Corporation (a/k/a Gelco Courier Service, Inc.) was purchased by or merged with defendants Pony Express Courier Corp. and Pony Express Courier Corp. of America sometime prior to commencement of

this lawsuit. Defendant Baker Industries is the parent corporation of Pony Express and appears to be the parent of the Gelco/Pony Express entity. Defendant Borg–Warner is Baker Industries' parent corporation. (Compl.; Moree aff.)

2) *Negligent infliction of emotional distress:*

■ Defendants contend that plaintiff's fourth cause of action, for negligent infliction of emotional distress, is barred by the exclusive remedy provision of the Wisconsin Worker's Compensation Act (WCA or the Act). The WCA provides that if certain conditions are satisfied (i.e., if the injury is compensable under the Act), then the WCA is "the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier." Wis.Stat. § 102.03(2)

It is established under Wisconsin law that mental injury is compensable under the WCA if it results from a situation of greater dimension than the day-to-day mental stresses and tensions to which all employees are subject. *Swiss Colony, Inc. v. ILHR Dept.*, 72 Wis.2d 46, 51, 240 N.W.2d 128 (1976), citing *School District No. 1 v. ILHR Dept.*, 62 Wis.2d 370, 215 N.W.2d 373 (1974). Thus, it has been held that an employee who suffers sexual harassment for a significant period of time in the course of her employment has a compensable claim for emotional distress under the WCA. *Zabkowicz v. West Bend Co.*, 789 F.2d 540, 544 (7th Cir.1986). As plaintiff's complaint alleges that she endured months of sexual harassment while in Gelco's employ, it seems clear that her alleged emotional injury may be redressed under the Act.

Plaintiff protests that *Zabkowicz* is not controlling because there the claimant's employment was not terminated, and consequently her emotional distress arose "in the realm of *employment.*" It is urged, by contrast, that the distress in this case arose "in the context of *termination,*" because plaintiff was ultimately dismissed. One court has ruled that emotional distress arising in the context of termination rather than employment is not covered by the WCA. *Keenan v. Foley Co.*, 35 FEP Cases 937 (E.D.Wis.1984) (Evans J.) [Available on WESTLAW, 1984 WL 27]. I decline to follow *Keenan's* lead. In that case, plaintiff's cause of action for emotional distress was dismissed at the outset for failure to

state a claim. *Id.* at 938. I consider the court's subsequent discussion regarding exclusivity of remedies to be *dictum.* In addition, it is, in my view, entirely artificial to distinguish *Zabkowicz* from the instant case on the ground that plaintiff here did, in the end, lose her job, whereas the plaintiff in *Zabkowicz* did not. My reading of plaintiff's complaint indicates that her claim for emotional distress arose in the course of her employment, as the acts giving rise to the injury occurred in 1983 and 1984 and the distress itself became manifest from April 13, 1984 through May 29, 1984—prior to her termination. (Compl. ¶ 25). That plaintiff ultimately lost her job appears to have no relevance to the applicability of the WCA.

For these reasons, I will grant defendants' motion for summary judgment on plaintiff's claim for negligent infliction of emotional distress.

3) *Back Pay:*

■ Defendants contend that plaintiff is not entitled to recover all or part of the back wages she seeks because she has already received back pay in the net amount of $461.38 from the U.S. Department of Labor. Defendants offer, in support of their position, a copy of a U.S. Department of Labor "Receipt for Payment of Back Wages," signed by plaintiff and dated March 16, 1984. (Ex. 13 to Def. br. in supp. of mo. for s.j.). That document, even if it were competent evidence (see Rule 56(e), requiring sworn or certified copies of papers), is ambiguous on its face. It is not clear that the back wages apparently received have anything at all to do with the harassment claims brought here. Indeed, plaintiff argues that the payment is not germane to this case. Defendants have failed to meet their burden of showing the absence of a genuine issue of material fact on this issue. They therefore are not entitled to summary judgment with respect to back pay.

4) *Wisconsin Fair Employment Act Claims:*

Defendants have also moved for summary judgment on plaintiff's claims under the

WFEA, on the ground that the Act's administrative remedies are exclusive. The WFEA was created to remedy various forms of discrimination, including sex discrimination. Wis.Stat. § 111.321. Administration of the statute is entrusted to the Department of Industry, Labor and Human Relations (DILHR), Wis.Stat. § 111.375, which may hold hearings, award back pay and order other relief. Wis.Stat. § 111.39. The statute provides for judicial review, Wis.Stat. § 111.395.

In *Ross v. Ebert*, 275 Wis. 523, 82 N.W. 2d 315 (1957), the Wisconsin Supreme Court first discussed whether the Act created a private right of action for a victim of discrimination. The court held that where the legislature creates a statutory remedy which did not exist at common law, that remedy is exclusive. *Id.* at 528, 82 N.W.2d 315. Thus, the plaintiff in that case did not have a private right of action in court for his complaint of racial discrimination.

The Supreme Court revisited the *Ross* rule of exclusivity of remedies in *Yanta v. Montgomery Ward*, 66 Wis.2d 53, 224 N.W.2d 389 (1974). When Deloras Yanta filed a complaint with DILHR alleging sex discrimination, the department could only award prospective relief and not back pay. In 1973, after the department completed proceedings on her claim, the Wisconsin legislature amended the WFEA to allow the agency to award back pay. Plaintiff thereafter brought suit for lost wages in circuit court. The Supreme Court held that even though the change in the statute came too late to affect plaintiff's rights before DILHR, the change in legislative attitude permitted plaintiff to pursue a private judicial cause of action for lost wages. *Id.* at 61–62, 224 N.W.2d 389.

The Wisconsin Supreme Court has not had an opportunity specifically to consider whether *Yanta* generally authorizes a private right of action under the WFEA. However, language appearing in two post *Yanta* decisions has been cited in support of the conclusion that the court intended to permit a private right of action as a matter of course. The issue in *Kurtz v. City of Waukesha*, 91 Wis.2d 103, 280 N.W.2d 757 (1979), was whether Wis.Stat. § 118.20 (prohibiting teacher discrimination) provided the exclusive remedy for the plaintiff teacher's allegations, or if the protections of the WFEA were available also. In the course of deciding that issue, the the court noted that, "In *Yanta v. Montgomery Ward & Co.*, ... the court recognized that violation of the Act [WFEA] gives rise to a civil cause of action for damages for lost wages resulting from the discrimination." 91 Wis.2d at 113, 280 N.W.2d 757. The question presented in *Watkins v. LIRC*, 117 Wis.2d 753, 345 N.W.2d 482 (1984), was whether the WFEA authorizes DILHR to award attorney's fees, a power not granted by statute. The court again referenced its decision in *Yanta*, stating that it held in that case that plaintiff's complaint stated a private cause of action for lost wages under the WFEA. 117 Wis.2d at 760, 345 N.W.2d 482.

The only published Wisconsin case directly on point is *Bachand v. Connecticut General Life Ins. Co.*, 101 Wis.2d 617, 305 N.W.2d 149 (Ct.App.1981). There, the court of appeals narrowly interpreted the holding of *Yanta* to find a private right of action only where the plaintiff could show that the remedy sought was not available in the DILHR proceeding. The appeals court concluded that the court in *Yanta* did not create a judicial right of action, but simply accommodated a plaintiff who had a right and remedy but no forum in which to pursue them. *Id.* at 625, 305 N.W.2d 149. *Bachand* was never appealed to the Supreme Court.

These decisions have led to a dichotomy among the Wisconsin federal district courts that have addressed the matter. Judge Reynolds in *Shanahan v. WITI–TV, Inc.*, 565 F.Supp. 219 (E.D.Wis.1982), and Judge Warren in *Zimmer v. Manitowoc Shipbuilding, Inc.*, 603 F.Supp. 1159 (E.D.Wis. 1985), have both found that a private right of action exists under the WFEA. On the other hand, Judge Gordon has consistently held that no private right of action exists. *McCluney v. Jos. Schlitz Brewing Co.*, 489 F.Supp. 24 (E.D.Wis.1980) (decided prior to *Bachand*); *Boczon v. Northwestern Elevator Co., Inc.*, 652 F.Supp. 1482 (E.D.Wis.

1987). *See also Callaway v. Hafeman*, 628 F.Supp. 1478, 1483 (W.D.Wis.1986) (Shabaz, J.) and *Mursch v. Van Dorn Co.*, 627 F.Supp. 1310 (W.D.1986) (Crabb, J.), both of which find no private right of action under WFEA. The issue has never been squarely presented to the Court of Appeals for the Seventh Circuit.

After reviewing the state cases, as well as the decisions of my learned colleagues on the federal bench, I am persuaded that no private right of action exists under the WFEA. The language from the Wisconsin Supreme Court's post *Yanta* decisions, advanced in support of an expansive reading of that case, is *dictum*. Those cases did not overrule *Ross v. Ebert*. Moreover, as the court noted in *Mursch v. Van Dorn Co.*, *supra* at 1313–14, plaintiffs in those cases would have prevailed even under *Bachand's* restrictive interpretation of *Yanta*. In the absence of inconsistency between a state appellate court ruling and that of a state supreme court, federal courts must give great weight to state appellate court decisions. *Williams, McCarthy, etc. v. Northwestern Nat. Ins.*, 750 F.2d 619, 624 (7th Cir.1984); *Brown & Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262, 272 (7th Cir.1983). I find that the appeals court's conclusion in *Bachand* that no general private right of action exists under the WFEA is consistent with Wisconsin Supreme Court precedent, and concur that the availability of both administrative and judicial proceedings "would result in duplicitous proceedings and judicial inefficiency." *Bachand*, 101 Wis.2d at 627, 305 N.W.2d 149. Therefore I will grant defendants' motion for summary judgment on plaintiff's claims under the WFEA.

### 5) *Punitive and Compensatory Damages:*

It is settled law that Title VII authorizes any equitable remedies the court deems appropriate, including back pay, but not compensatory or punitive damages. *Patzer v. Board of Regents of Univ. of Wis. System*, 763 F.2d 851, 854 n. 2 (7th Cir. 1985); 42 U.S.C. § 2000e–5(g); *Walker v.*

*Ford Motor Co.*, 684 F.2d 1355, 1363–64 (11th Cir.1982) (citing many cases). Because plaintiff's claims under the WFEA and for negligent infliction of emotional distress will be dismissed, there is no need to consider whether damages are similarly limited as to those causes of action. Accordingly, the court will grant defendants' motion for summary judgment with respect to recovery of punitive and compensatory damages on the remaining (Title VII) claim.

### CORPORATE DEFENDANTS' AND LUMSDEN'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND MOTION TO ENLARGE TIME

Defendants Bruce Lumsden, Borg–Warner and Baker Industries filed a "supplemental" summary judgment motion seeking their dismissal from the lawsuit. The basis for the motion, in essence, is that none of these defendants were named in or had notice of plaintiff's EEOC charge and did not have the opportunity to participate in the conciliation process. Defendants acknowledge that their motion was not timely filed and therefore also moved for an order enlarging the time to file it. The deadline for filing dispositive motions in this case was July 10, 1987. The subject motions were filed two months later, on September 10, 1987. Defendants did not request an extension of time prior to the July 10 cutoff, but did submit, together with their motions, the affidavit of one of their attorneys, Joseph Ferris. Mr. Ferris states that he attempted to obtain the information upon which defendants' supplemental motion is based prior to July 10th but was unable to do so although due diligence was exercised.

While the court in certain circumstances may accept late-filed motions, this is not such a case. The defense raised is not especially complex, requires relatively little investigative effort and is based upon information within defendants' control. Nothing in Mr. Ferris' affidavit indicates why the very brief (one and one-half page) affidavits submitted in support of the motion—from defendants' own employees— could not be obtained prior to July 10th.

In addition, I note that defendants' showing is not particularly persuasive. Defendants submitted the affidavit of Bob Moree, the president of Pony Express Courier Corp., as evidence that neither Borg–Warner nor Baker Industries received notice of plaintiff's EEOC charges or participated in conciliation. There is nothing to suggest that Mr. Moree is competent to testify on behalf of those organizations. As to Mr. Lumsden, he is specifically identified in the body (and in fact is the focus) of EEOC charge 055840879 (Exs. 5–8 to defs. br. in support of mo. for s.j.). While defendants dispute Lumsdens' supervisory status, the charge itself alleges that he told plaintiff that she "would have to take orders from him from now on," and it appears that he did run Gelco's Cudahy office in early 1984. For these reasons, defendants' supplemental motion for summary judgment and for an enlargement of time to file dispositive motions will be denied.

## DEFENDANT AYESH'S MOTION TO DISMISS

Defendant Ayesh has moved to dismiss plaintiff's Title VII claim as to him on the ground that he was not plaintiff's employer within the meaning of that statute. Employees may not sue non-supervisory co-workers for discriminatory acts under Title VII. *Zabkowicz v. West Bend Co.,* 789 F.2d 540, 546 (7th Cir.1986). The complaint contains no allegation that Ayesh was plaintiff's supervisor. In fact, it suggests that plaintiff and Ayesh worked in entirely different departments—plaintiff in billing and customer service and Ayesh as courier supervisor. Ayesh's answers to interrogatories (ex. A to pl. br.) do not assist plaintiff's cause, as Ayesh merely states that he had supervisory authority over mail delivery "drivers." There is no record evidence that plaintiff was ever a Gelco driver. Plaintiff's Title VII claim will therefore be dismissed as to defendant Ayesh. I need not consider whether the court should exercise "pendent party jurisdiction" with respect to any state claims against Ayesh, as these will be dismissed for the reasons stated above.

## PLAINTIFF'S MOTION TO STRIKE AYESH AFFIRMATIVE DEFENSES/DISMISS AYESH COUNTERCLAIMS

Plaintiff's motion to strike Ayesh's affirmative defenses will be denied as moot, as the claims to which these defenses relate will be dismissed in accordance with the court's decision today. In addition, plaintiff's motion to strike Ayesh's counterclaims will be granted. At the outset, the court notes that in a letter response filed on February 7, 1987 to this motion, Ayesh's counsel represented to the court that Mr. Ayesh intends to voluntarily dismiss the counterclaims without prejudice. However, to date this has not been accomplished. Ayesh alleges in his counterclaims that plaintiff's suit is "frivolous" and that her complaints resulted in Ayesh's termination. Even if these allegations state claims upon which relief may be granted, they do so under state law. As all federal claims between plaintiff and Ayesh have been dismissed, I decline to exercise pendant jurisdiction over the remaining claims. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OF CORPORATE DEFENDANTS LUMSDEN AND LOPER

Plaintiff has moved to strike all but the first of the eight affirmative defenses asserted by the corporate defendants and the individual defendants, Loper and Lumsden, on the ground that they fail to state legal defenses. Although unopposed, the motion will be denied with respect to defenses numbered 2, 3 and 7 in light of my previous determination that plaintiff has no private right of action under the WFEA and cannot recover punitive or compensatory damages on her Title VII claim. The motion will also be denied with respect to defenses numbered 4 and 5 as settlement of back pay damages is still an issue in the case and plaintiff's claim for negligent infliction of emotional distress is barred by the Wisconsin Worker's Compensation Act. The motion will be granted as to defenses numbered 6 and 8 on plaintiff's representation

that no such claims are asserted in this action.

**CORPORATE DEFENDANTS' AND LUMSDEN'S MOTION TO EXTEND TIME FOR DISCOVERY**

Defendants request that discovery be held open indefinitely until such time as the court sets a deadline for the naming of witnesses. The motion is unopposed. This matter will be taken up at a status conference to be scheduled.

Based on the foregoing,

IT IS HEREBY ORDERED that the corporate defendants' and Lumsden's motion for summary judgment, joined by Ayesh, be and the same is hereby GRANTED except with respect to plaintiff's claim for back pay, and

IT IS FURTHER ORDERED that the corporate defendants' and Lumsden's supplemental motion for summary judgment, and motion for an extension of time to file dispositive motions, be and the same are hereby DENIED, and

IT IS FURTHER ORDERED that Ayesh's motion to dismiss plaintiff's Title VII claim as to him be and the same is hereby GRANTED, and

IT IS FURTHER ORDERED that plaintiff's motion to strike Ayesh's affirmative defenses be and the same is hereby DENIED as moot and plaintiff's motion to dismiss Ayesh's counterclaims be and the same is hereby GRANTED, and

IT IS FURTHER ORDERED that plaintiff's motion to strike the affirmative defenses of the corporate and individual defendants (Loper and Lumsden) be and the same is hereby DENIED as to defenses numbered 2, 3, 4, 5 and 7, and the same is hereby GRANTED as to defenses numbered 6 and 8.