**Harley E. REED and Helen Reed, Plaintiffs,**

v.

**JOHNSON CONTROLS, INC., Defendant.**

**No. 88–C–1022.**

United States District Court, E.D. Wisconsin.

Jan. 31, 1989.

Thomas Nelson, Milwaukee, Wis., for plaintiffs.

Thomas C. Pence, Foley & Lardner, Milwaukee, Wis., for defendant.

## ORDER

CURRAN, District Judge.

Harley E. Reed commenced this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* and a pendent state claim for handicap discrimination under the Wisconsin Fair Employment Act, Wis. Stats. § 111.31 *et seq.* Helen Reed also purported to state a claim for loss of consortium. Before the Court is the motion of the defendant Johnson Controls, Inc. for partial judgment on the pleadings as to the claim of handicap discrimination and Helen Reed's claim for loss of consortium.

The defendant's argument for dismissal of those claims is simple and straightforward. The WFEA does not provide for private cause of action, so the handicap claim must be dismissed. Because the Age Discrimination in Employment Act does not permit loss of consortium damages, such a derivative claim must be based on a state tort which, if the handicap claim is dismissed, is missing in this action.

The plaintiffs' arguments on the other hand, are circuitous and vague. It seems to be their position that if the Equal Rights Division hearing examiner and the Labor and Industry Review Commission have jurisdiction to hear the handicap claim, then this Court has pendent jurisdiction to award the relief they seek. As to Mrs. Reed's claims, the plaintiffs invoke the joinder rule (Federal Rule of Civil Procedure 19) as authority for her right to state a claim in this action. They further argue that loss of consortium damages are or should be available in federal ADEA claims.

This Court has previously held that the statutory administrative procedures set forth in the WFEA are exclusive. *See Johnson v. Wisconsin Public Service Corporation,* Case No. 85–C–1194, decided April 30, 1987, and that there is no implied private right of action in the Act. *See also Busse v. Gelco Express Corporation,* 678 F.Supp. 1398 (E.D.Wis.1988). The plaintiffs' insistence that this is a question of procedure and not of substance is confusing as is their invocation of Federal Rule of Civil Procedure 1. This Court can only exercise its pendent jurisdiction over claims which could have been brought in state court. Because the Court has held that a party would not be permitted to bring a claim of handicap discrimination in a Wisconsin circuit court, but is limited to the administrative remedies available under the Act, the question is one of jurisdiction. Simply because Rule 1 sets the scope of the Federal Rules of Civil Procedure and provides that the rules are to "be construed to secure the just, speedy and inexpensive determination of every action," it does not confer jurisdiction where it would not ordinarily exist.

Having disposed of the pendent state claim, Mrs. Reed's claim for loss of consortium also must fail. Loss of consortium is a claim wholly derivative upon the validity of the spouse's cause of action. *Spearing v. National Iron Co.,* 770 F.2d 87 (7th Cir.1985). Because Mr. Reed has not stated a valid state claim, there can clearly be no valid derivative claim.

Nor can Mrs. Reed base her claim for loss of consortium on the defendant's alleged violation of the ADEA. *Pfeiffer v. Essex Wire Corp.,* 682 F.2d 684 (7th Cir.), *cert. denied,* 459 U.S. 1039, 103 S.Ct. 453, 74 L.Ed.2d 606 (1982), relied upon by the plaintiffs for the proposition that the ADEA provides for damages for nonpecuniary losses suffered as the result of willful violations of the Act actually stands for

the opposite proposition. In *Pfeiffer* the Seventh Circuit joined the majority position that "recovery under the ADEA is limited to unpaid wages and, in the case of willful violation, an additional equal amount as liquidated damages." *Id.* at 686. While an award of liquidated damages may have the effect of compensating a person injured by a violation of the Act, damages for pain and suffering and punitive damages are unavailable under the Act. The plaintiffs have offered no authority for a spouse's right to recover for the loss of society of her husband due to harm he has suffered because of a violation of the Act. This court declines the plaintiffs' request to extend relief available under the Act to a spouse. Had Congress intended such relief, it would have so provided in the Act. Accordingly,

IT IS ORDERED that the defendants' motion for partial summary judgment on the handicap discrimination claim and on Helen Reed's loss of consortium claim be and hereby IS GRANTED.

DONE AND ORDERED.